IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HARRY DONENFELD,<br><br>       Plaintiff,<br><br>   vs.<br><br>COUNTY OF MAUI; ALAN ARAKAWA, in his official and personal capacity; JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 2-10 and DOE GOVERNMENTAL UNITS 1-10,<br><br>       Defendants. | CIVIL NO. 16-00381 DKW-KJM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ARAKAWA'S MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT** |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT ARAKAWA'S MOTION FOR PARTIAL DISMISSAL OF
<u>FIRST AMENDED COMPLAINT</u>**

Plaintiff Harry Donenfeld alleges that he was wrongfully terminated as Maui County Film Commissioner by the County of Maui and Mayor Alan Arakawa. Mayor Arakawa, in his personal capacity, moves to dismiss seven of the ten claims brought against him (Dkt. No. 11), four of which Donenfeld does not oppose. For the reasons that follow, the Court GRANTS dismissal of six of the claims against

Mayor Arakawa, in his personal capacity, but DENIES dismissal of Donenfeld's interference with contractual relations claim.

## BACKGROUND

I. **Factual Background**[1]

This case stems from allegations that the County of Maui, by and through Mayor Arakawa, wrongfully terminated Donenfeld after Mayor Arakawa was requested to do so by his political supporter, Ryan Kavanaugh. First Amended Complaint ("FAC") ¶ 1. Kavanaugh is "a Hollywood 'insider' and film producer," and his relationship with Mayor Arakawa is summarized in the First Amended Complaint as follows:

> Kavanaugh is a long time financial backer of Mayor Arakawa's campaigns and self-named charity and has spent considerable money lobbying legislation on behalf of the Mayor and the County of Maui. Kavanaugh has also lent his name and celebrity to the Mayor's causes, and even offering tickets for the Mayor and his wife to attend the Golden Globes awards ceremony in Hollywood as Kavanaugh's personal guests.

*Id.* ¶ 2.

On January 2, 2011, Mayor Arakawa appointed Donenfeld as the Maui County Film Commissioner, effective on August 4, 2011. *Id.* ¶¶ 9, 26. Donenfeld expected that his employment with the County entitled him to the rights and benefits prescribed in the Maui County Employee Handbook. *Id.* ¶ 30.

---

[1] The following statement of facts is drawn from the allegations in Donenfeld's First Amended Complaint, which the Court must accept as true for purposes of the Rule 12(b)(6) motion.

After Donenfeld started working as Film Commissioner, Kavanaugh grew dissatisfied with Donenfeld's job performance. *Id.* ¶¶ 15, 37. The dissatisfaction stemmed in part from the belief that Donenfeld had assisted Maui Film Studios LLC ("MFS"). *Id.* ¶ 37. Kavanaugh believed that MFS threatened the likelihood that the Movie Tax Bill, a piece of legislation that he had spent over $2 million lobbying, would pass. *Id.* ¶¶ 25, 37. As such, Kavanaugh began sending emails requesting Donenfeld's termination as Film Commissioner. *Id.* ¶ 39. Mayor Arakawa's Executive Assistant, Jock Yamaguchi, assured Kavanaugh by email that Donenfeld would be fired if he interfered with Kavanaugh's plans concerning film legislation. *Id.* ¶ 42.

On March 5, 2013, Mayor Arakawa held a meeting with several of his key staff members, including Managing Director Keith Regan, Communications Director Rod Antone, and Chief of Staff Herman Andaya, to confront Donenfeld about the following issues: protecting Mayor Arakawa's relationship with Kavanaugh; preserving the Movie Tax Bill; and halting support for MFS because MFS threatened Kavanaugh and the Movie Tax Bill. *Id.* ¶¶ 43-44.

After several months, Kavanaugh remained dissatisfied with Donenfeld's performance as Film Commissioner. As such, on August 21, 2013, a meeting was held in the Mayor's office with Mayor Arakawa, Kavanaugh, Chief of Staff Andaya, Director of the Office of Economic Development Teena Rasmussen,

Executive Assistant Yamaguchi, and Donenfeld, among others. *Id.* ¶¶ 46-47. At this meeting, Kavanaugh reaffirmed his prior positions and continued his criticism of Donenfeld. *Id.* ¶ 48. At the conclusion of this meeting, OED Director Rasmussen told Donenfeld that he had to be at his desk every morning by 7:45 a.m. or he would be fired. *Id.* ¶ 49.

On or about September 6, 2013, Donenfeld was terminated as Film Commissioner. *Id.* ¶ 50. Although OED Director Rasmussen terminated Donenfeld's employment, she allegedly lacked the unilateral authority to do so and provided no reason for the decision. *Id.* ¶¶ 51-52. According to a letter in Donenfeld's employment file, dated November 11, 2013, Maui County reported:

> (1) "there was no final incident and no prior warnings" before Donenfeld's termination; [(2)] there "is insufficient evidence to show that [Donenfeld's] discharge was due to willful or deliberate disregard of the employer's best interests"; (3) "[Donenfeld] was discharged for reasons other than misconduct connected with work"; and (4) Donenfeld was discharged because he was "incompatible for the position."

*Id.* ¶ 63 (some brackets added).

## II. Procedural Background

On July 8, 2016, Donenfeld filed a Complaint against Maui County and Mayor Arakawa. Dkt. No. 1. On July 12, 2016, Donenfeld filed a First Amended Complaint against Maui County and Mayor Arakawa, in his personal and official capacity, alleging: (1) wrongful termination (Count I); (2) defamation (Count II);

4

(3) privacy violations (Count III); (4) denial of constitutional and civil rights (Count IV); (5) breach of contract (Count V); (6) interference with contractual relations (Count VI); (7) breach of implied covenant of good faith and fair dealing (Count VII); (8) promissory estoppel (Count VIII); (9) negligence (Count IX); and (10) punitive damages (Count X).  Dkt. No. 5.

On August 15, 2016, Mayor Arakawa, in his personal capacity, filed a Motion for Partial Dismissal of First Amended Complaint ("Motion"), seeking dismissal of Counts I, III, V, VI, VII, VIII, and X.  Dkt. No. 11.[2]  Donenfeld responded to the Motion, conceding the dismissal of Counts I, III, and V against Mayor Arakawa in his personal capacity, but opposing the dismissal Counts VI, VII, VIII, and X.  Dkt. No. 26.

On October 28, 2016, the Court held a hearing on the Motion, and thereafter, asked the parties to submit supplemental briefing on the following two issues relating to Counts VI (interference with contractual relations) and VIII (promissory estoppel), respectively:

> (1) whether Maui County Mayor Arakawa, in his personal capacity, can interfere, as a matter of law, with a contract between Maui County and a Maui County employee; and
>
> (2) whether a promissory estoppel claim can lie, as a matter of law, against Arakawa in his personal capacity, given that any

---

[2]On October 7, 2016, Mayor Arakawa, in his official capacity, filed a joinder to the Motion. Counsel for Mayor Arakawa, in his official capacity, subsequently acknowledged at the hearing on the Motion that the joinder was not timely filed.

> promises that were made by Arakawa during employment negotiations with Donenfeld would have taken place with Arakawa acting in his official capacity on behalf of Maui County.

Dkt. No. 29.

The parties timely filed their respective supplemental briefs. *See* Dkt. Nos. 30, 31. Donenfeld's supplemental brief conceded the dismissal of his promissory estoppel claim (Count VIII), but maintained the viability of his interference with contractual relations claim (Count VI).

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). However, courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without

converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## DISCUSSION

### I. Counts I, III, V, and VIII Against Arakawa In His Personal Capacity Are Dismissed

Because Donenfeld does not oppose the dismissal of Counts I, III, V, and VIII against Mayor Arakawa in his personal capacity, the Court finds it unnecessary to discuss these claims in any detail.[3]  Accordingly, the Court GRANTS the dismissal of these claims against Mayor Arakawa in his personal capacity with prejudice.

### II. Count VI (Interference With Contractual Relations)

Count VI alleges that Mayor Arakawa interfered with Donenfeld's contract with Maui County.  The elements of a claim for tortious interference with contractual relations are as follows:

> 1) a contract between the plaintiff and a third party; 2) the defendant's knowledge of the contract; 3) the defendant's intentional inducement of the third party to breach the contract; 4) the absence of justification on the defendant's part; 5) the subsequent breach of the contract by the third party; and 6) damages to the plaintiff.  It is of the essence in an action for wrongful interference with contractual relationships that the

---

[3] Donenfeld conceded the dismissal of Counts I, III, and V in his opposition brief (Dkt. No. 26 at 13).  As to Count VIII, Donenfeld conceded that, "if Arakawa's promises were made solely in his official capacity, promissory estoppel is not actionable against Arakawa in his personal capacity." Dkt. No. 30 at 3.  The Court finds that the allegations in the First Amended Complaint can only be read in such a manner, and thus, deems the dismissal of Count VIII to be unopposed.

7

>plaintiff suffer damages as a consequence of the defendant's conduct, and these damages cannot be speculative or conjectural losses.

*Meridian Mortg., Inc. v. First Hawaiian Bank*, 109 Hawai'i 35, 44, 122 P.3d 1133, 1142 (App. 2005) (ellipsis and brackets omitted) (quoting *Weinberg v. Mauch*, 78 Hawai'i 40, 50, 890 P.2d 277, 287 (1995)).

As set forth below, Mayor Arakawa offers several arguments in support of the dismissal of this claim, none of which the Court finds persuasive.

### A. **Donenfeld's At-Will Contract Can Form the Basis of the Claim**

Mayor Arakawa contends that Count VI should be dismissed because Donenfeld fails to establish the first element of the cause of action, the existence of a contract between Donenfeld and a third party. The Court finds that the factual allegations sufficiently allege an at-will employment contract between Donenfeld and Maui County, which was modified and/or supplemented by the Employee Handbook.[4]

The Complaint alleges in relevant part:

- "Plaintiff Donenfeld was appointed to be the Maui County Film Commissioner by Mayor Arakawa and started work on or about August 4, 2011." FAC ¶ 26;

---

[4] As Mayor Arakawa's reply brief states, the Complaint contains allegations implying that Donenfeld had contracts with both Maui County and Mayor Arakawa, in his official and individual capacity. However, Donenfeld's opposition brief focuses solely on the allegation that Donenfeld had an at-will contract with Maui County. *See* Dkt. No. 26 at 8.

- "At the time he was appointed by Arakawa, and throughout his tenure as Film Commissioner, Donenfeld had a reasonable expectation that he would hold his position for the entire duration of Mayor Arakawa's term as Maui County Mayor." *Id.* ¶ 27;

- "Donenfeld was also hired with the expectation he would have the rights and benefits mandated in [the Employee Handbook]." *Id.* ¶ 30; and

- "Donenfeld's employment agreement ('Contract') with Maui County to be the Maui County Film Commissioner was a valid and enforceable contract." *Id.* ¶ 101

Donenfeld argues, and the Court agrees, that based on these averments, a valid and enforceable at-will employment contract existed between Donenfeld and Maui County under Hawaii law. Dkt. No. 26 at 8. Moreover, the Hawaii Supreme Court has previously held that the right of any employer to terminate an at-will employee "can be contractually modified and, thus, qualified by statements contained in employee policy manuals or handbooks issued by employers to their employees.'" *Shoppe v. Gucci Am.*, 94 Hawai'i 368, 383, 14 P.3d 1049, 1064 (2000) (quoting *Kinoshita v. Pacific Airlines*, 68 Hawai'i 594, 601, 724 P.2d 110, 115-16 (1986)). Accordingly, the Court rejects Mayor Arakawa's attempt to dismiss Count VI on the basis that the first element has not been met.

Mayor Arakawa further argues that, even if the Court recognizes the existence of an at-will employment contract between Donenfeld and Maui County, Count VI nevertheless fails because there is no viable cause of action when the

9

employment is at-will. Dkt. No. 27 at 5-6. There is a jurisdictional split as to whether a claim for tortious interference with an at-will employment contract is viable. *Compare Hennessy v. Santiago*, 708 A.2d 1269, 1279 (Pa. Super. Ct. 1998) ("[A]n action for intentional interference with performance of a contract in the employment context applies only to interference with a prospective employment relation whether at-will or not, not a presently existing at-will employment relationship.") *with Levens v. Campbell*, 733 So.2d 753, 760 (Miss. 1999) (concluding that a claim for tortious interference with at-will contracts of employment is viable in Mississippi). The Hawaii Supreme Court has recognized that at-will employees are protected from outside interference in their employment. *See Minton v. Quintal*, 131 Hawaiʻi 167, 188, 317 P.3d 1, 22 (2013) ("At-will employees are protected from 'outside interference in their employment, and this right provides a constitutional cause of action when a government agent unlawfully interferes with the employment relation.'" (quoting *Chernin v. Lyng*, 874 P.2d 501, 505 (8th Cir. 1989)); *see also Haddle v. Garrison*, 525 U.S. 121, 126 (1998) ("The fact that the employment is at the will of the parties, respectively, does not make it at the will of others. The employee has manifest interest in the freedom of the employer to exercise his judgment without illegal interference or compulsion and, by the weight of authority, the unjustified interference of third persons is

actionable although the employment is at-will.") (quoting *Truax v. Raich*, 239 U.S. 33, 38 (1915)).

Given the foregoing authority, the Court finds that Donenfeld's status as an at-will employee does not preclude him from asserting a claim for tortious interference with contractual relations.

B.     **The Claim is Not Barred by the Statue of Frauds**

Alternatively, Mayor Arakawa asserts that the Statute of Frauds bars Donenfeld's claim because any alleged contract between Donenfeld and Maui County was not in writing. The Court disagrees.

Hawaii's Statute of Frauds provides in relevant part:

> No action shall be brought and maintained . . . [u]pon an agreement that is not to be performed within one year from the making thereof . . . unless the promise, contract, or agreement, upon which the action is brought, or some memorandum or note thereof, is in writing, and is signed by the party to be charged therewith, or by some person thereunto by the party in writing lawfully authorized.

Hawaii Revised Statutes ("HRS") § 656-1(5). "The test for determining the applicability of subsection (5) of HRS § 656-1 . . . is not how long the performance will take, but when it will be complete." *Credit Assocs. of Maui, Ltd. v. Carlbom*, 98 Hawaiʻi 462, 468, 50 P.3d 431, 437 (App. 2002) (citations and internal quotation marks omitted). "It is well settled that oral contracts invalidated by the HRS § 656-1(5) because they are not to be performed within a year include only

those which absolutely cannot be performed within that period." *Estate of Tahilan v. Friendly Care Home Health Servs., Inc.*, 731 F. Supp. 2d 1000, 1008 (D. Haw. 2010) (citing *Credit Assocs. of Maui, Ltd.*, 98 Hawai'i at 467, 50 P.3d at 436). In other words, "[a] promise which is not likely to be performed within a year, and which in fact is not performed within a year, is not within the Statute if at the time the contract was made there was a possibility in law and in fact that full performance could be completed before the expiration of a year." *Id.*

In the instant case, Donenfeld alleges that he started working as the Film Commissioner on or around August 4, 2011, and that he "had a reasonable expectation that he would hold his position for the entire duration of Mayor Arakawa's term as Maui County Mayor." FAC ¶¶ 26-27. At first blush, it appears that performance of the contract would have exceeded one year because the contract would have been for at least several years to equal the "entire duration" of Mayor Arakawa's elected term. However, it is *possible* that Donenfeld's employment contract could have been completed within one year because Mayor Arakawa's term as mayor could have concluded within one year for any number of reasons, however unlikely or improbable. *See Estate of Tahilan*, 731 F. Supp. 2d at 1008 ("If by its terms, performance is possible within one year, however unlikely or improbable that may be, the agreement or promise is not within the subdivision of the Statute of Frauds. It is immaterial whether or not the

actual period of performance exceeded one year." (citing *Credit Assocs. of Maui, Ltd.*, 98 Hawai'i at 467, 50 P.3d at 436)).

The Court finds that Donenfeld's alleged at-will employment contract does not fall within the Statute of Frauds because, at the time of its making, performance was possible within one year.

### C. Mayor Arakawa, In His Personal Capacity, Can Interfere, As a Matter of Law, With a Contract Between Maui County and a Maui County Employee

Lastly, the Court examines the issue that was raised at the hearing and addressed by the parties in supplemental briefing: whether Mayor Arakawa, in his personal capacity, can interfere, as a matter of law, with a contract between Maui County and a Maui County employee. The parties agree that such a claim can lie as a matter of law, but disagree over whether the factual allegations state a cause of action. As set forth below, the Court finds that the allegations are sufficient to survive a motion to dismiss.

As a preliminary matter, the parties agree that Donenfeld's claim could survive dismissal if there are allegations that Mayor Arakawa: (1) acted outside of his capacity as mayor when he allegedly interfered with Donenfeld's contract with Maui County; (2) personally benefited through the interference, with no benefit to Maui County; or (3) acted in bad faith. *See* Dkt. No. 31 at 4-7 (citing *Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel*, 113 Hawai'i 251, 273-74, 151

13

P.3d 732, 754-55 (2007)); Dkt. No. 30 at 6-7 (citing *Burgess v. Arita*, 5 Haw. App. 581, 704 P.2d 930 (1985)). The relevant inquiry, then, is whether any of these types of factual allegations appear in the First Amended Complaint.

It is apparent that the gravamen of Donenfeld's interference with contractual relations claim is that Mayor Arakawa caused Donenfeld's termination for self-interested reasons--namely, in order to maintain his close personal ties with and funding from Kavanaugh. The First Amended Complaint alleges that Mayor Arakawa has a close personal relationship with Kavanaugh (FAC ¶ 15); that Kavanaugh regularly contributes to both the mayor's political campaigns and his self-named charitable organization, the Mayor Arakawa Kokua Fund (*id*. ¶¶ 17-22); and that Kavanaugh was critical of Donenfeld's job performance as Film Commissioner and urged his termination (*id.* ¶¶ 36-37, 39). In other words, Kavanaugh lent his support to Mayor Arakawa in ways that extended beyond his role as mayor, i.e., beyond his official capacity, and threatened to withdraw that support if Donenfeld was not terminated. One prominent example is Kavanaugh's substantial support of Mayor Arakawa's charitable organization, the Kokua Fund, which is not affiliated with the mayor's office. Kavanaugh threatened to withdraw his financial and other support of the Kokua Fund if Donenfeld was allowed to continue in his role as Film Commissioner. *See, e.g.*, FAC ¶¶ 40-41 ("I cannot be

at the [Mayor Arakawa Kokua Ball] this weekend or continue to support the [Movie Tax] bill if Harry is involved[.]").

To be sure, the First Amended Complaint does not explicitly reference the terms "self-interest," "outside the scope of employment," "personally benefit," or "bad faith." The Court finds, however, that the foregoing allegations essentially describe these terms, and, thus, their absence is not the death knell of the claim. Taking these allegations as true, as the Court must at this stage, Donenfeld has alleged sufficient facts to state a plausible interference with contractual relations claim. Namely, that Mayor Arakawa, in his personal capacity, acted with self-interest, and not in furtherance of Maui County's interests, when he allegedly caused the termination of Donenfeld.

Accordingly, Mayor Arakawa's motion to dismiss Count VI is DENIED.

### III.  Count VII (Breach of the Implied Covenant of Good Faith and Fair Dealing)

Count VII alleges breach of the implied covenant of good faith and fair dealing. Mayor Arakawa argues that this claim should be dismissed because "it is an attempt to assert the claim of bad faith, which has generally not been recognized by Hawaii courts outside of the insurance context." Dkt. No. 11-1 at 19. The Court agrees.

Under Hawaii law, "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other

of benefits of the agreement." *Best Place, Inc. v. Penn Am. Ins. Co.*, 82 Hawai'i 120, 920 P.2d 334, 337-38 (1996). This district court has noted that the tort of breach of the covenant of good faith and fair dealing has not been recognized in Hawaii outside of the insurance context. *See Phillips v. Bank of America*, Civil No. 10-00551 JMS-KSC, 2011 WL 240813, at *5 (D. Haw. Jan. 21, 2011). Because no insurance contract is at issue here, Donenfeld has no basis for the type of breach of the covenant claim asserted.

Accordingly, Mayor Arakawa's Motion is GRANTED as to Count VII. Because amendment would be futile, dismissal of Count VII is without leave to amend.

### IV. Count X (Punitive Damages)

Count X alleges punitive damages as a separate cause of action. Mayor Arakawa argues that punitive damages is a remedy, not a separate cause of action. The Court agrees.

It is well-established in this jurisdiction that a claim for punitive damages is not an independent tort, but a remedy that is incidental to another cause of action. *See Kang v. Harrington*, 59 Haw. 652, 660, 587 P.2d 285, 291 (1978) ("An award of punitive damages is purely incidental to the cause of action."); *see also United States ex rel. Lockyer v. Haw. Pac. Health*, 490 F. Supp. 2d 1062, 1088–89 (D. Haw. 2007) (holding that, to the extent the complaint could be read to allege a

separate and independent cause of action for punitive damages, the defendant would be entitled to summary judgment on that count); *Hale v. Hawaii Publs., Inc.*, 468 F. Supp. 2d 1210, 1233 (D. Haw. 2006) (granting motion for summary judgment as to a separate claim for punitive damages, but noting that the plaintiff could seek punitive damages as part of prayer for relief).

Accordingly, Mayor Arakawa's Motion is GRANTED as to Count X.  While punitive damages may not be plead as a separate claim, punitive damages may be available as a remedy for violations of other Counts.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Partial Dismissal of First Amended Complaint in all respects, except as to Count VI.

IT IS SO ORDERED.

DATED:  December 28, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Donenfeld v. County of Maui, et al.; CV 16-00381 DKW-KJM; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ARAKAWA'S MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT**